Nash, J.
 

 In the case of
 
 The State to the use of Harris
 
 v
 
 Wiggins,
 
 decided at this Term, ante p. 273, the question presented by this case was incidentally decided. The record of the County Court did not shew that any of the contingencies mentioned in the 4th section of the 24th chap, of the Rev. Stat., upon which depended the right and power of the County Court to appoint a constable, had occurred. In other words, it did not appear by the record, that there was any vacancy to fill, upon which alone depended the power of the County Court. And we held, that
 
 it must so
 
 appear on the record, or the record must contain such matter, as will judicially authorize the inference that such was the fact. The only evidence of the appointment of the defendant, Jones, as a constable contained on the records of Gates County Court, is the following :
 

 ' “ Ordered that Ezekiel Jones be appointed constable for the county of Gates by his giving A. R. Jones, Jesse
 
 White
 
 and Joseph Hurdle, securities.”
 

 
 *329
 
 The record does not shew what magistrates were on the bench on Tuesday, when this order was made, nor how many ; nor is there any thing on the record shewing there was any vacancy in any captain’s district to be filled; nor is there any ihiag to shew that E. Jones, the defendant, had been elected by the people in any district whatever; nor is there any thing upon the record, from which either state of things could be judicially inferred. To supply the deficiency, the plaintiff offered to prove by parol, that Jones had been elected by the people in the district, in which he lived, and, by the Clerk of the County Court, that the poll-keepers had made a return of the election in this district to the February Term of that Court; that this had been handed up to the justices on the bench; and that the return so made, not being deemed by him of any moment, had been thrown by and was lost or destroyed. The Court rejected the testimony, and we think rightly. We see no reason to doubt the correctness of the opinion, expressed in the case of Wiggins, that the record of the County Court, where the appointment was made, must contain in itself the evidence that a ease had occurred, in which the Court had the legal power to act in the appointment of a constable, or it must contain matter from which it may Judicially appear. Here it was offered to prove by parol, that there was a vacancy, which had been filled by the people, and that the Court acted upon that appointment and did nothing more than approve the security and take the bond of the defendant, Jones. This would be, not simply to supply the record by parol evidence, in parts where it is deficient, but to contradict it. The record is, that Ezekiel Jones be appointed a constable, making the appointment of Jones the act of the Court. Suppose that, instead of the evidence offered, it had been proposed to prove by witnesses, that a majority of the magistrates of the County were present, when the appointment was made; would it have been received? We
 
 think not,
 
 because it would destroy that absolute verity, which is attached to every record. If such ev> idence were admissible, records, which now speak for them
 
 *330
 
 selves, would be rendered as uncertain and as unsatisfactory, as evidence, as facts resting in memory alone.
 
 Slate
 
 v
 
 McAlpin,
 
 4 Ired. 140. It is to avoid this uncertainty and to ren(jer stable the rights resting on them, that the principle has been adopted, that records are considered of such authority that no evidence is allowed to contradict them. 1 Phil, on Ev. 218. To supply a part of the record by parol is to admit that a record may exist in parol. Nor is the plaintiff in this case without remedy. Every Court has power over its own records, to make them speak the truth, to make them state facts as they actually existed. Had the evidence offered in the Superior Court been laid before the County Court of Gates, where the record is, and they had been satisfied of the truth, it would have been in their power, and it would have been their duty, to have made an entry,
 
 nunc pro tunc,
 
 shewing that Jones had been elected by the voters of his district, nor is it too late now to have it done. The case of
 
 Freeman
 
 v
 
 Arkell,
 
 in 9th Eng. Com. Law. Rep. 159, was pressed upon us as analogous to the present. We do not think so. That was an action for a malicious prosecution ; and the magistrate who granted the warrant against the plaintiff, swore that the evidence of the defendant was reduced to writing and returned by him to the Clerk of the Court or his deputy, and the Clerk proved that a bill of indictment was sent to the grand jury and returned by them
 
 ignoramus,
 
 that it was usual in such cases to throw away or destroy the depositions taken by the magistrates, and that he had looked for them in this case and could not find them. The Court held the parol evidence of their contents to be admissible. We think it was so held very rightly. The only question was, whether the best evidence in the power of the party as to what the defendant had sworn to in instituting his prosecution, should be received. The lost affidavits were not necessary to give the Court jurisdiction of the case, and its pow-er over the subject matter was original and complete. They were merely necessary to fix the guilt of the defendant. Establishing them by parol neither contradicted the records of
 
 *331
 
 the Court, nor were they used to supply any matter, in which the records were incomplete.
 

 Per Curiam, Judgment affirmed.